**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DECHANG CUI, | No. 18-72091 |
| Petitioner, | Agency No. A201-051-409 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020**
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and IMMERGUT,*** District
Judge.

Dechang Cui seeks review of the BIA's dismissal of his appeal from the

Immigration Judge's (IJ) denial of his application for asylum and withholding of

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Karin J. Immergut, United States District Judge for the District
of Oregon, sitting by designation.

removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review for substantial evidence both the BIA's adverse credibility determination and eligibility determination for asylum and withholding of removal. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007) (asylum and withholding of removal); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (adverse credibility). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (citation omitted). And "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014) (citations omitted). When an IJ requests corroborative evidence in addition to the petitioner's testimony, "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

We deny the petition for review.

1.    **Adverse Credibility**

Adverse credibility findings must be based on "the totality of circumstances, and all relevant factors." *Shrestha*, 590 F.3d at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We are deferential in our review because "IJs are in the best position to assess demeanor and other credibility cues." *Id.* at 1041. "We must uphold an adverse credibility determination 'so long as even one basis is supported

2

by substantial evidence.'" *Qiu v. Barr,* 944 F.3d 837, 842 (9th Cir. 2019) (citation omitted).

### a. Omissions

"[A]n omission may form the basis for an adverse credibility finding." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). "[O]missions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application'" are particularly relevant to an adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)).

The BIA reviewed each omission and inconsistency identified by the IJ in this case. Cui's application indicated he left China because of police-imposed limits to his personal freedom, but Cui later testified he left China due to being fired after his employer in China learned of his arrest for religious activity. Cui attributed this omission of his firing from his application to "lack of memory." When asked by the IJ when he "officially became a Christian," Cui testified that he was baptized in China before he left for the U.S. but made no mention of this baptism in his application. Cui again equivocated that "[i]t is possible [he] forgot" to include his baptism in his application.[1]

---

[1] Unlike other cases where omissions were uncovered in cross-examination, Cui provided this new information on direct examination, reinforcing that this is like "a case where an applicant volunteered new information at the merits hearing in an

These omissions between Cui's application and his testimony significantly changed his "story of persecution" regarding his conversion and introduced a completely new economic argument that he could not work in China because of his religion. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). The IJ and BIA's determination that Cui's omissions were not "trivial details" and contributed to an adverse credibility finding is supported by substantial evidence. *See Silva-Pereira*, 827 F.3d at 1185–86.

b.    **Inconsistencies**

Cui's testimony regarding both his introduction and induction into the Christian faith did not match his asylum application. Although Cui's application and initial testimony indicated he was introduced to Christianity by a coworker in the United States in 2008, he later testified that his aunt was the first to discuss Christianity with him in China in 2007. Cui explained this inconsistency by testifying that his aunt did not bring a Bible to their discussion. Cui further testified he was baptized in the United States in 2014, but his pastor testified it was in 2015

---

effort to buttress his claims through eleventh-hour testimony." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020).

4

due to required pre-baptismal courses. Cui provided no clarification for this discrepancy.

Cui also testified he had worked in three states in the U.S. in 2008, but his application only listed one. Cui explained that, because "the company rent[ed] the house where we stayed" in two of the states, he did not list them. The IJ found that this testimony was "not candid," particularly because Cui's application already listed a job where his employer had paid for housing. Moreover, Cui's application, testimony, and documentation from his former employer in China—Wenguan Machinery—all listed different job titles. Cui's explanation was that the employer-provided documents "probably omitted" the title he included in his application.

"[I]f the alien fails to provide a plausible explanation [for an inconsistency], the IJ may properly rely on the inconsistency as support for an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). "Under the REAL ID Act, even minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination," *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011), and all the inconsistencies noted by the IJ and BIA in this case are supported by substantial evidence.

## 2. Corroborative Evidence

Cui's inconsistent testimony about his employment history in China prompted the IJ to ask for documents clarifying Cui's employment history. 8 U.S.C.

5

§ 1158(b)(1)(B)(ii). Cui provided one additional document post-dating his employment that conflicted with his prior testimony and application. Although Cui claimed no further records documenting his employment were available, his wife had previously requested and received a re-issued Expulsion Certificate from the company where he worked.[2] The IJ and BIA may "turn[] [Cui] down for failing to provide corroboration where he does have it or could reasonably obtain it." *Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009). Substantial evidence supports the BIA's determination that Cui failed to present sufficient corroborative evidence of his employment history. *See id.* at 1046.

* * *

Because the adverse credibility determination and lack of corroboration finding are supported by substantial evidence, the agency properly denied Cui's application for asylum and withholding of removal. Accordingly, Cui's petition for review is

**DENIED**.

---

[2] Cui's claim that more evidence was not reasonably available—even though he was previously able to request and receive documents from Wenguan Machinery through his wife—is distinguishable from the cases he cites where petitioners fleeing death threats were unable to access documents from their home countries. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir. 2000) (per curiam); *Shah v. INS*, 220 F.3d 1062, 1070 (9th Cir. 2000).